# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Chirs Alan Preston, | ) | No. CV 11-1200-PHX-GMS (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Ben Alexander, et al., | ) | |
| Defendants. | ) | |

On June 17, 2011, Plaintiff Chirs Alan Preston, while confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 29, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 29, 2011, attorney Robert L. Dossey filed a Notice of Appearance on behalf of Plaintiff and filed a First Amended Complaint (Doc. 8). The Court will order Defendants to answer the First Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

1 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3 be granted, or that seek monetary relief from a defendant who is immune from such relief.
4 28 U.S.C. § 1915A(b)(1), (2).

**II.　First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues Mesa Police Officer Dustin Hurley and Mesa Police Detective Ben Alexander. Plaintiff claims that Defendants used excessive force against him during his arrest in violation of Plaintiff's civil rights. Plaintiff alleges that Defendants, who were in an unmarked police car, stopped Plaintiff for a bicycle infraction. Plaintiff states that he did not initially stop because he did not realize the unmarked car was a police car. Plaintiff further claims that after stopping and restraining him, Defendants beat and punched him about the head causing a black eye, cuts and abrasions over his entire face, a laceration on his head, and a broken tooth. Plaintiff was hospitalized for his injuries. Plaintiff seeks money damages.

Plaintiff's allegations state a claim excessive force during arrest and the Court will require Defendants to answer the First Amended Complaint.

**IT IS ORDERED:**

(1)　Defendants must answer the First Amended Complaint.

(2)　The Clerk of Court must send Plaintiff's attorney a service packet including the First Amended Complaint (Doc. 8), this Order, and both summons and request for waiver forms for Defendants Hurley and Alexander.[1]

(3)　Plaintiff's attorney must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)　If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120

---

[1] Although Plaintiff has submitted summonses for the Defendants, the summonses do not appear to contain requests for waivers of service.

1 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(5) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8)     Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 11th day of October, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge